884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sammy G. DOLES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-6432.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1989.
 
 Before BOYLE F. MARTIN, Jr., WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Samuel G. Doles appeals the summary judgment of the district court affirming defendant-appellee Secretary of Health and Human Services' decision denying Doles' application for supplemental security income disability benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff filed an application for disability benefits on March 27, 1986, alleging that he became disabled as a result of a "broken neck." Plaintiff's application was denied initially and upon reconsideration, and on September 29, 1986, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held, and an ALJ subsequently issued a decision denying plaintiff benefits. The ALJ found that plaintiff suffered from status postcervical fusion with mild arthritic spurring in the cervical spine, but that he was capable of performing the full range of light work as defined in 20 C.F.R. Sec. 416.967(b). As the plaintiff was thirty-seven years old at the time of the hearing, with a high school education and two years of college, the ALJ found him not disabled, considering App. 2, Subpt. P, 20 C.F.R. Sec. 416.969, Rule 202.20.
 
 
 3
 Plaintiff then filed a request for review with the Appeals Council. However, the Appeals Council declined to review the ALJ's decision, thereby allowing it to become the final decision of the Secretary. Plaintiff then filed the present action, contending that the Secretary's decision was not supported by substantial evidence. 42 U.S.C. Sec. 405(g). The action was referred to a Magistrate who recommended that plaintiff's complaint be dismissed and that summary judgment be entered in favor of the Secretary. The district court adopted the Magistrate's Report and Recommendation, and this timely appeal followed.
 
 
 4
 Plaintiff raises one issue on appeal; viz., whether the decision of the Secretary finding him capable of performing light work as defined in 20 C.F.R. Sec. 416.967(b) is supported by substantial evidence.
 
 II.
 A.
 
 5
 The findings of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389 (1971). "Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This court considers the record as a whole in determining whether substantial evidence supports the Secretary's decision. Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir.1984); Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 536 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 B.
 
 6
 The applicable regulation defines light work as follows:
 
 
 7
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
 
 
 8
 20 C.F.R. Sec. 416.967(b). Upon our review of the record, we hold that substantial evidence exists in support of the Secretary's decision that plaintiff can perform light work.
 
 
 9
 Plaintiff was examined by several physicians. He primarily complained of pain in the area of his back and neck and was found to have spur formation at the C4, C5 and C6 level. Plaintiff was involved in an automobile accident in 1966, and later had surgery for fusion of the C1-C2 vertebrae.
 
 
 10
 In October of 1986, plaintiff was examined by Dr. M.H. Moseley, who indicated that plaintiff was limited to lifting no more than twenty pounds as a result of his neck and back injuries. Dr. Moseley stated that he felt plaintiff could not manage any "heavy lifting, that is forty pounds or ... heavier." Dr. Moseley's report placed no limitations upon plaintiff's sitting, standing, or walking, but did suggest that plaintiff's condition be reviewed by an orthopedic and neurological specialist.
 
 
 11
 In March 1987, Dr. Moseley prepared a medical assessment in which he indicated more extensive limitations on plaintiff's abilities. In this assessment, Dr. Moseley indicated that plaintiff is limited in standing or walking because of the range of motion restrictions on his neck; that plaintiff is limited to one or two hours sitting because of pain spasms which result from the posture required in sitting; and that plaintiff is limited in lifting or carrying as a result of back and/or neck pain.
 
 
 12
 Plaintiff contends that the Secretary erred in rejecting the conclusions contained in Dr. Moseley's March 1987 assessment. We, however, note that the Secretary properly relied on plaintiff's own hearing testimony in rejecting Dr. Moseley's conclusions. At the hearing, plaintiff indicated that he experienced no difficulties in sitting, walking, or standing, although plaintiff did indicate a limited range of motion in his neck. J.A. at 35-37. Moreover, Dr. Moseley's March 1987 assessment is uncorroborated, and indeed, inconsistent with his October 8, 1986, report, which does not indicate the severity of limitations disclosed on the later assessment. Finally, Dr. Moseley's March 1987 assessment is not supported by the conclusions of other physicians who examined plaintiff and did not find physical or other limitations which would preclude plaintiff from performing light work.
 
 
 13
 Although plaintiff argues that Dr. Moseley's opinion, as plaintiff's treating physician, should be given special consideration, we note that a treating physician's opinion as to disability is not conclusive. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 n. 2 (6th Cir.1987). In all cases, it is the Secretary's duty to consider the evidence and to make the disability determination. Miller v. Secretary of Health and Human Servs., 843 F.2d 221, 224 (6th Cir.1988) (per curiam); Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The Secretary is not bound by the opinion of a treating physician if there is substantial evidence that the claimant is not disabled. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam); Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984).
 
 III.
 
 14
 Accordingly, for the reasons stated, the summary judgment of the district court dismissing plaintiff's complaint is AFFIRMED.