897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Feddie NEWSOME, Plaintiff-Appellant,
v.
Louis SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 89-5735.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 88-00198, ??, D.J.
 E.D.Ky.
 AFFIRMED.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge*.
 PER CURIAM.
 
 
 1
 This case arises out of a denial of social security disability benefits. Appellant Feddie Newsome contends that the Secretary's finding of no disability was not supported by substantial evidence, and that insufficient credibility and weight were given to his own testimony regarding the alleged disability. Like the district court, we conclude that appellant's testimony was adequately considered and that there was substantial evidence to support the Secretary's findings. We shall therefore affirm the district court's judgment.
 
 
 2
 Mr. Newsome is a former coal minor who alleges that he is totally disabled by reason of back pain, hearing and breathing difficulties, and a nerve condition. An administrative law judge found, after a hearing, that although Mr. Newsome had numerous ailments, including chronic obstructive pulmonary disease, hearing loss, and peptic ulcers, he retained the residual functional capacity to perform medium level work not requiring exposure to loud noises or environmental pollutants. A vocational expert testified as to the existence of a significant number of such jobs within the national economy.
 
 
 3
 The extensive medical evidence in this case is well summarized in the district court's opinion, and we shall not retrace the court's steps here. Although several doctors concluded that Mr. Newsome's complaints were not disabling, two, including Mr. Newsome's treating physician, were of the opinion that his medical problems completely prevent him from working. Neither of these two doctors cited any objective x-ray evidence or laboratory test results to buttress their conclusion.
 
 
 4
 The Secretary's findings of facts must be accepted by the courts if supported by substantial evidence. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court "may not try the case de novo, nor resolve conflicts of evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The Secretary's determinations are not subject to reversal solely because substantial evidence would also have supported the opposite conclusion.
 
 
 5
 Appellant claims to be totally disabled, and the ultimate burden of proof on this issue rests on him. Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 349-50 (6th Cir.1988). Thus, appellant must prove that he is totally unable
 
 
 6
 "... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."
 
 
 7
 42 U.S.C. Sec. 423(d)(1)(A). The burden of going forward with the evidence can shift, and if a claimant shows that he is no longer able to perform his past work, the Secretary must show that there are a significant number of jobs within the national economy which he can perform. Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771 (6th Cir.1987).
 
 
 8
 The Secretary concedes, in this case, that appellant can no longer perform his past work, but contends that there is substantial evidence that he can perform other jobs. In this connection, the Secretary relies on both the medical evidence and the testimony of a qualified vocational expert, who considered appellant's job prospects in light of his physical limitations. This evidence does support the finding of an ability to perform other jobs that exist in substantial numbers.
 
 
 9
 Appellant relies heavily upon the fact that his treating physician found him to be totally disabled. Because this doctor offered no objective evidence to support such a conclusion, however, his opinion need not be given any special weight. Miller v. Secretary of Health and Human Services, 843 F.2d 221, 224 (6th Cir.1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). There is medical evidence on both sides, and having examined it, we cannot say that the Secretary's conclusion was not supportable.
 
 
 10
 Appellant contends that, as a matter of law, insufficient weight was given to his own testimony as to his disability. It is true that much weight must be given to lay testimony if supported by objective evidence. Lashley v. Secretary of Health and Human Serves, 708 F.2d 1048, 1054 (6th Cir.1983). However, in weighing objective medical findings versus subjective statements of pain, the objective evidence is controlling absent objective medical evidence suggesting the existence of the pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988); 20 C.F.R. Sec. 404.1529 (1988). Here, the medical evidence does not support appellant's claims of disability. It was not unreasonable for the Secretary to find against appellant in this regard. See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987). This court cannot question determinations of credibility made by the finder of fact. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir.1987).
 
 
 11
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation