960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin H. WRIGHT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5992.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, Marvin H. Wright, appeals from the district court order affirming the Secretary of Health and Human Services' determination that claimant was not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm.
 
 I.
 
 2
 Claimant, a 54-year-old male with a fifth grade education, who worked as a glazier installing aluminum window frames and glass, filed an application for disability insurance benefits on April 16, 1985. He alleged disability on the basis of a heart impairment and emphysema with a disability onset date of March 9, 1985. On July 31, 1985, claimant filed an application for supplemental security income, alleging disability on the basis of a heart impairment and emphysema with a disability onset date of March 9, 1985. These applications were denied initially and upon reconsideration and the claimant filed a request for a hearing before an Administrative Law Judge (ALJ).
 
 
 3
 The ALJ concluded that although claimant was not capable of performing his past relevant work, he had the residual functional capacity to perform the physical exertional requirements of light work. The ALJ found that claimant's allegations of severe anginal pain were not credible and not supported by the evidence and therefore claimant had no nonexertional impairments. By applying the medical vocational guidelines, otherwise known as the "Grids," the ALJ determined that claimant was not disabled on April 16, 1986. When the appeals council denied review on June 30, 1986, the decision of the ALJ became the final decision of the Secretary.
 
 
 4
 Claimant then brought suit in the United States District Court for the Middle District of Tennessee. A magistrate issued a report and recommendation, concluding that there was not substantial evidence for the Secretary's conclusion that claimant was able to perform light work. The magistrate found that in making this determination that the ALJ had not even considered the definition of light work and what it required under 20 C.F.R. § 404.1567(b).
 
 
 5
 The magistrate also determined that claimant's allegations that he was unable to walk a block without experiencing shortness of breath and unable to sit for long periods because of a back impairment could not be evaluated on the basis of the record as it then stood. The magistrate stated:
 
 
 6
 While the above are all based on Wright's statements regarding his physical condition, there is nothing in the record to indicate the opinions of Wright's treating physicians focusing specifically on Wright's ability to walk, sit, stand, etc. In short, none of Wright's physicians, Dr. Frist who performed the triple coronary bypass or Dr. Davis who administered a number of tests to Wright, or any other physician assessed Wright's RFC to do work.
 
 
 7
 Appendix p. 393. Therefore, the magistrate recommended remanding the case and directing the Secretary to obtain medical assessments of claimant's residual functional capacity for light work as required by 20 C.F.R. § 404.1513 from all of claimant's treating and consultative physicians.
 
 
 8
 The district court adopted the magistrate's report and recommendation of August 5, 1987, and remanded the case for a supplemental hearing, which was held on June 29, 1988 before an ALJ.
 
 
 9
 The only medical assessment which claimant submitted at the supplemental hearing was a physical capacity evaluation filled out by David E. Hanes, who had examined him once as a rotating physician with the Veterans Administration. The evaluation indicated claimant could not perform light work, but it was supported only by a one page "progress report," which did not indicate what medical findings supported the evaluation. The Social Security Administration submitted a ten page report by Dr. Khan, which indicated that claimant had the residual functional capacity to perform light work.
 
 
 10
 The second ALJ found that claimant's assertion that he could walk only half a block without stopping because of shortness of breath was contrary to a statement he had made to his physician on August 21, 1985 in which he indicated that he could walk a slow pace for one mile and that there was no pain associated with exertion. The second ALJ also pointed out other treatment notes from August 1985 from the Veterans Administration indicating that claimant possessed the ability to do light work and that his main complaint was that he could not find work rather than an inability to perform light work. The ALJ determined that in regard to the supplementary material submitted on remand, Dr. Hansen's assessment that claimant could not perform light work was not supported in view of claimant's own statements in August 1985 as well as the opinion of Dr. Khan, who performed a complete medical assessment of claimant in May 1988 at the request of the Social Security Administration. Dr. Khan's opinion reflected the ability to perform light work. Additionally, the ALJ found that there was no history of aggressive treatment, frequent emergency room or doctor visits, or other signs and symptoms consistent with a totally disabling breathing disorder. The ALJ concluded that claimant had the residual functional capacity to perform light work. He then applied the Grids and determined that plaintiff was not eligible for disability benefits as of the claimed onset date, March 9, 1985. The ALJ determined that claimant became eligible for benefits upon reaching his fifty-fifth birthday on February 14, 1987. The appeals council adopted the ALJ's decision on August 17, 1988, rendering it the final decision of the Secretary.
 
 
 11
 After a rather complicated procedural process and reopening of the case, claimant was allowed judicial review concerning the question of whether the onset date as determined by the Secretary was correct.
 
 
 12
 On June 6, 1991, a magistrate issued a report and recommendation concluding that the decision of the Secretary should be affirmed. The magistrate found that even if Dr. Hansen (who only examined claimant once) were to be considered a "treating physician," his assessment was not supported by clinical findings. Therefore, the ALJ had properly accorded greater weight to Dr. Khan's findings and correctly determined claimant's onset date for entitlement to disability benefits to be February 14, 1987, his fifty-fifth birthday. The district court adopted the magistrate's report and recommendation in toto on June 26, 1991. Claimant timely filed this appeal.
 
 II.
 
 13
 This court has jurisdiction on appeal to review the Secretary's final decision pursuant to 42 U.S.C. § 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 14
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. If a claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Since the ALJ found that claimant had not worked since 1985 and that he suffered from severe impairments, including a heart condition which required bypass surgery, curvature of the spine and a lung condition, further inquiry was necessary. If a claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, benefits are owing without further inquiry. In the present case, the ALJ found that claimant did not suffer from one of the listed impairments. In such a case, assuming the individual has previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978), the claimant establishes a prima facie case of disability. In the present case, the ALJ found that claimant was not capable of returning to his former occupation of glazier.
 
 
 15
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a claimant retains the capacity to perform a different kind of job. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical vocational guidelines, otherwise known as the "Grids." 20 C.F.R. § 404.1569. See 20 C.F.R.Pt. 404, Subpt.P, App. 2.
 
 
 16
 In the present case, the ALJ found that claimant retained the residual functional capacity to perform a full range of light work, 20 C.F.R. §§ 404.1567, 416.967. Therefore, application of the Grids was permissible. The Secretary concluded that prior to February 14, 1987, the claimant was 54 years old, which is defined as "closely approaching advanced age." As of February 14, 1987, the claimant attained age 55, which is defined as "advanced age" (20 C.F.R. §§ 404.1563, 416.963). Because claimant had a marginal education (5th grade) and his previous work experience was skilled to semi-skilled but the skills were not transferable, the Grids directed a conclusion that claimant, considering his residual functional capacity, age, education and work experience, was not disabled prior to February 14, 1987. 20 C.F.R. §§ 404.1569. Grid Rule 202.02, on the other hand, directed that upon obtaining his 55th birthday and reaching "advanced age," claimant was disabled according to the Grids. Therefore, claimant was found disabled commencing February 14, 1987.
 
 III.
 
 17
 We note at the outset of our analysis that the first magistrate correctly determined that whether claimant had the residual functional capacity to perform light work could not be determined from the record as it then stood and that the case was remanded to obtain further medical assessments. Claimant, thus, has already had one opportunity to supplement the record to prove that he is disabled. However, the proof he offered in regard to his inability to perform light work was inadequate.
 
 Light work is defined as follows:
 
 18
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
 
 
 19
 20 C.F.R. § 404.1567(b). Claimant argues that according to the opinion of Dr. Hansen, his "treating" physician from the VA, he is limited to lifting ten pounds occasionally, walking one hour per day, standing six hours per day and sitting three hours per day with only occasional bending. Claimant contends that as a treating physician, this assessment of Dr. Hansen should be given greater weight than the opinion of Dr. Khan, the Secretary's consultative examiner.
 
 
 20
 We disagree. First, it can be disputed whether or not Dr. Hansen should be considered a treating physician as he only examined claimant once at the Veterans Administration Hospital. Claimant had last visited the physicians treating him after his heart surgery in November 1985, but visited the VA on a monthly basis to have his heart examined and his blood checked.
 
 
 21
 Claimant argues that Dr. Hansen's opinion should be considered the summation of his continuing care by the VA because he had access to the entire VA file and thus had full knowledge of the case. This argument is not in accord with the law of this circuit which states that although the medical opinions and diagnoses of treating physicians are generally accorded substantial deference, King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984), this is true only if the treating physician's opinion is supported in the record by sufficient medical data. Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986) (quoting Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984)); citing 20 C.F.R. § 404.1527); Murphy v. Secretary of Health and Human Servs., 801 F.2d 182, 195 (6th Cir.1986) (citing Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983)).
 
 
 22
 An ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." Miller v. Secretary of Health and Human Servs., 843 F.2d 221, 224 (6th Cir.1988). In Hall v. Bowen, this court held that an ALJ may reject a treating physician's determinations "when good reasons are identified for not accepting them." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988). We find that in the present case there are good reasons for not accepting Dr. Hansen's assessment. In giving his assessment, Dr. Hansen cited no detailed, clinical findings and his opinion is not supported by sufficient medical data. In his August 27, 1987 examination, Dr. Hansen noted that claimant was "doing well on present regimen." Moreover, Dr. Hansen merely recommended for Wright's treatment that Wright stop smoking, renew medications, and return to the clinic in six months. The ALJ also determined that Dr. Hansen's opinion could not be fully supported in view of the claimant's own statements in August 1985 that "he can work and do whatever he has to do.... His exercise tolerance is fairly limited to walking a few blocks. However, after his operation he can walk on a slow pace for one mile." This belies claimant's assertion that he can walk only half a block without stopping.
 
 
 23
 For these reasons, the Secretary was justified in giving deference to Dr. Khan's assessment over Dr. Hansen's. Dr. Khan stated that Wright could stand and move about for seven hours out of an eight-hour workday. He also stated that Wright could lift and carry 20 pounds occasionally and 15 pounds frequently. Dr. Khan's opinion was supported by his clinical findings from a physical examination of Wright. Based on the opinion of Dr. Khan that claimant could perform light work, which was supported by clinical findings, and the fact that Dr. Hansen's assessment was supported by no clinical findings and contradicted by claimant's own statements, we believe there is substantial evidence to support the Secretary's determination that claimant was capable of performing a full range of light work.
 
 IV.
 
 24
 We must next determine whether there is substantial evidence to support the Secretary's finding that claimant's allegations of severe disabling pain are not credible and, therefore, he did not suffer from a non-exertional impairment that significantly limited his ability to perform light work. The Medical Vocational Guidelines or Grids are only applicable if a claimant can perform the full range of activities of a designated category of work, and there are no nonexertional limitations which significantly limit ability to perform (in claimant's case) light work. 20 C.F.R. § 404.1569.
 
 
 25
 With regard to subjective allegations of disabling pain, this court has held:
 
 
 26
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 27
 Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). In the present case, there was objective evidence to support the existence of an underlying medical condition. However, after a careful review of the record, we find there is no objective medical evidence which would have confirmed the severity of pain alleged or which would suggest a condition that could reasonably be expected to cause pain of the severity alleged.
 
 
 28
 We find that there is substantial evidence to support the Secretary's finding that claimant does not have a non-exertional impairment that would significantly limit his ability to perform light work.
 
 V.
 
 29
 Finally, we must determine whether the ALJ correctly applied the Grids in determining claimant's disability onset date.
 
 
 30
 Claimant argues that the ALJ "mechanically applied the Grid Rules in a borderline situation and thereby improperly denied him disability insurance benefits from his true date of onset." While claimant correctly points out that the Secretary "will not apply [the] age categories mechanically in a borderline situation," see 20 C.F.R. §§ 404.1563(a), 416.963(a), his contention that the present case is a "borderline situation" is without merit. Although it is stated in the regulations that "the passage of a few days or months before the attainment of a certain age should not preclude a favorable disability determination," 43 Fed.Reg. 55349, 55359 (1978), quoted in Kane v. Heckler, 776 F.2d 1130, 1133 (3rd Cir.1985), in the present case, almost two years separate the date on which claimant alleges he became disabled (March 9, 1985) and the date claimant turned 55 years old (February 14, 1987), moving him into the "advanced age" category where application of the Grids required a finding of disabled. Thus, the present case is not one of those "borderline situations" as envisioned by the regulations and the Grids were correctly applied. Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 622 (6th Cir.1987).
 
 VI.
 
 31
 To conclude, the decision of the Secretary is hereby AFFIRMED.