983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald G. MCCOY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5294.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Donald G. McCoy appeals the District Court's grant to defendant Secretary of Health and Human Services ("Secretary") of summary judgment in plaintiff's appeal of the Secretary's denial of social security benefits. Plaintiff claims the Secretary failed to apply the correct legal standards and that the Secretary's decision is not supported by substantial evidence. Because we find neither of these errors, we AFFIRM.
 
 I.
 
 2
 In 1981, plaintiff fell five to six feet from a diesel truck, injurying his back. While lifting a battery out of a vehicle in 1983, he reinjured his back. Plaintiff had been employed as a diesel mechanic, set-up person on a screw machine, and emergency medical technician prior to his injury. After the injury, he was hospitalized several times for back pain. Plaintiff did not work between July 1986 and December 1988, the period for which he seeks benefits in this appeal. In December 1988, plaintiff started a new job, this time as a drug and alcohol counselor, a role in which he "is able to work at his own pace and if he cannot meet with patients because of his health then he can reschedule the session." Plaintiff's Brief at 11.
 
 
 3
 Plaintiff's injury has been examined by several doctors. His treating physician in 1986, Dr. Robert Agee, prescribed muscle relaxants, bed rest, and heat. Noting that plaintiff has some limitation of motion in his lower back and hip, Dr. Agee reported that plaintiff has back pain aggravated by heavy work and prolonged standing. After an examination in 1987 in which it was determined plaintiff's back pain made him unfit for duty as a mechanic in the National Guard, Dr. Robert Hedderman gave the opinion that plaintiff could no longer perform strenuous work, but that a sedentary job was possible. Dr. Hedderman diagnosed plaintiff as suffering from "chronic mechanical low back pain." In an orthopedic consultative examination ordered by the administrative law judge ("ALJ") in 1988, Dr. Douglas Wilburn determined that while plaintiff was unable to perform heavy manual labor and should alternate between sitting and standing, light work was possible. Dr. Wilburn stated that work undertaken by plaintiff should not involve lifting more than 40 pounds or repeated lifting and bending.
 
 
 4
 Plaintiff first filed an application for benefits in 1986. After several administrative appeals and remands to the ALJ, plaintiff's claim was denied in 1990. A second ALJ conducted a hearing in 1990 and again denied plaintiff's claim, finding that while plaintiff did suffer from back pain, the pain was not disabling. This ALJ found plaintiff could perform work which did not require him to sit, stand, or walk for longer than 30 minutes continuously, to lift more than 20 pounds, or to bend more than occasionally. In addition, this ALJ found that while plaintiff could not perform any of his past relevant work, he did have skills usable in light and sedentary work. Based on the testimony of a vocational expert, the ALJ found that plaintiff could perform several jobs which existed in significant numbers in the national and local economies.
 
 
 5
 Upon appeal to the District Court, plaintiff's case was heard by a magistrate judge. The magistrate judge found that the ALJ's findings were based upon substantial evidence that plaintiff could perform light work and found that the ALJ had employed the appropriate legal standards. The District Court adopted the magistrate judge's report verbatim.
 
 II.
 
 6
 This Court may only review the Secretary's decision to ensure the proper legal criteria are employed and substantial evidence supports the findings of fact. 42 U.S.C. § 405(g); Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir.1990). Substantial evidence is enough such that a reasonable mind might accept a particular conclusion. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This inquiry does not involve trying the case de novo, resolving conflicts in the evidence, or deciding credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 III.
 
 7
 Plaintiff asserts that in several ways the Secretary employed the wrong legal standards in denying benefits. First, plaintiff contends that the ALJ did not give proper consideration to plaintiff's subjective descriptions of pain. Although a claimant's descriptions of pain are not by themselves enough to establish disability, according to Social Security Ruling 88-13 a reasonable description of pain is to be weighed along with objective evidence, especially when the description is not contradicted by such evidence. See also McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988); Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). In denying plaintiff's claim, the ALJ considered plaintiff's descriptions of pain and the statements of the treating and examining physicians, which themselves recognize and are based to some degree upon plaintiff's descriptions of pain. Further, nothing in Social Security Rule 88-13 requires that the claimant's subjective descriptions of pain be given controlling weight. Thus, because the ALJ gave sufficient consideration to plaintiff's descriptions of pain, no legal standard was employed incorrectly.
 
 
 8
 Second, plaintiff contends that the ALJ's determination was based upon an improper hypothetical question. According to plaintiff, the hypothetical question upon which the vocational expert based his list of jobs for which the plaintiff is qualified unduly limited the possible responses. For this proposition, plaintiff cites Anderson v. Secretary of Health and Human Services, No. C-1-80-472 (S.D.Ohio Nov. 2, 1981) (LEXIS, Genfed Library, Dist file). In Anderson, the vocational expert was asked what jobs the claimant could do, assuming the district court found he had the ability to do sedentary work. Id. at 5-6. The ALJ did not list the essential elements of the plaintiff's condition, but instead simply referred to it by the conclusory phrase "sedentary work." The Anderson district court found the vocational expert's response not to be meaningful because the question permitted only one answer and did not allow the vocational expert to bring his expertise to bear upon the plaintiff's situation. Id. at 6. The question asked of the vocational expert in the present case, however, differs greatly, specifically listing the restrictions on plaintiff's activity reported by the treating and examining physicians.[1] In Anderson's own words, the hypothetical question in the present case is proper because it "refer[ed] to specific medical evidence contained in the record and [was] not phrased in language that limits the [vocational expert's] response." Id. Since hypothetical questions which accurately portray a claimant's impairments may legitimately play an important role in disability determinations, Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987), no legal standard was employed incorrectly. Relatedly, plaintiff contends that while the hypothetical question, the vocational expert's response, and the magistrate judge's report all refer to plaintiff's ability to do "light" work, the ALJ's report refers in certain places to plaintiff's "residual capacity for sedentary" work. In light of the detailed hypothetical question posed to the vocational expert, which listed every limitation suggested by any of the physicians involved, however, we find this difference to be nothing more than semantic. Clearly, the ALJ, vocational expert, and magistrate judge all had the same capabilities in mind.
 
 
 9
 Third, plaintiff contends that the ALJ failed to take into account the vocational expert's testimony that the only job plaintiff has held which he remains able to perform is his current position as a drug and alcohol counselor. Plaintiff's objection mischaracterizes the standard under which plaintiff would qualify as disabled. The issue is not whether plaintiff can continue to function in a job which he has held in the past. Instead the issue is whether, in light of plaintiff's transferrable skills, there exist a significant number of jobs in the national economy which he is able to perform. See Burton v. Secretary of Health and Human Services, 893 F.2d 821, 823 (6th Cir.1990). The ALJ found that based on the skills plaintiff had acquired and demonstrated in his past work, his remaining capacity, and his age, education, and work experience, in light of the vocational expert's testimony, plaintiff was not disabled. In doing so, the no legal standard was employed incorrectly.
 
 IV.
 
 10
 Finally, plaintiff contends that the ALJ's finding, that his back pain, while impairing his ability to work, does not rise to the level of a disability, is not based upon substantial evidence. Plaintiff points to several statements by physicians who examined or treated him, which plaintiff contends rebut the ALJ's determination. Plaintiff quotes Dr. Agee as saying plaintiff has "quite disabling pain" and that he was not "malingering." Plaintiff quotes Dr. Hedderman's statement that plaintiff "cannot perform civilian or military duty," and points to the list of restrictions Dr. Hedderman placed on plaintiff's work abilities. In regard to Dr. Wilburn's assessment, plaintiff asserts that it simply lacks sufficient recognition of plaintiff's impairments. These are the strongest indications of disability to be found in the record, and yet in light of the specific diagnoses of the physicians as to plaintiff's injury and capabilities, none of them rebuts the Secretary's finding.
 
 
 11
 Not one of the physicians who examined or treated plaintiff indicated that between July 1986 and December 1988 plaintiff was unable to do the type of work he now does. In his last examination of plaintiff, Dr. Agee found that plaintiff was able to walk and that his ability to sit was minimally impaired. Dr. Agee did send a note to plaintiff's employer stating that plaintiff was "still disabled," but such a conclusory statement does not override the detailed assessment of plaintiff's abilities contained in Dr. Agee's own report. Such a note also quite possibly only refers to plaintiff's ability to perform his prior job. Further, the conclusory opinion of a physician, when not supported by the medical evidence, is not binding upon the Secretary in determining disability. Miller v. Secretary of Health and Human Services, 843 F.2d 221, 224 (6th Cir.1988).
 
 
 12
 The opinion of the vocational expert was based upon a careful recitation by the ALJ of the relevant limitations on plaintiff's abilities. See supra note 1. These limitations were in turn based upon the available medical evidence from the three physicians. In response, the vocational expert listed four jobs available in the national and local economy which would be within plaintiff's abilities. Id. In light of the medical evidence and testimony of the vocational expert which formed the basis of the ALJ's decision, we find that there is substantial evidence to support the Secretary's determination.
 
 V.
 
 13
 For the reasons stated above, we find that the Secretary employed the proper legal standards and that the Secretary's determination was based upon substantial evidence, and thus we AFFIRM the decision of the District Court.
 
 
 
 [1]
 The colloquy between the ALJ and vocational expert proceeded in relevant part as follows:
 Q: All right. If the claimant is limited to perform light work, doctor, by that I would limit that to being able to lift up to 20 pounds and he could do that for as much as one third of the day, he could stand only for a half hour to an hour without interruption, could sit basically for up to six hours in total but would have to be allowed to interrupt that in hourly intervals, essentially having a sit and stand option, he would be limited in bending and stopping, crouching, limited in pushing and pulling and could only occasionally climb, his ability to handle would be limited and he would have limitations with respect to working with heights, working around moving machinery and temperature extremes would there--are you able to identify jobs in the national economy other than his past relevant work which he would be capable of doing with those restrictions?
 A: Yes, there would be a number of jobs that would not exceed the light category of work exertion. One such job would be surveillance system monitor, another would be security guard, another would be cashier and another would be telephone operator.