977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul RUNYON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-6487.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a social security case in which the claimant challenges the dismissal, on administrative res judicata grounds, of his most recent application for disability benefits. The district court dismissed the complaint for want of the sort of administrative decision that federal courts have jurisdiction to review. Agreeing that the courts lack jurisdiction here, we shall affirm the dismissal.
 
 
 2
 * From 1976 through 1989, plaintiff-appellant Paul Runyon--whose insured status ended in 1981--filed five separate applications for Social Security disability benefits. Each application was ultimately denied. After a rehearing on Mr. Runyon's fourth application in 1985, an administrative law judge recommended a favorable decision. The Appeals Council rejected the recommendation and denied benefits. The district court upheld the council's denial of benefits, and Mr. Runyon did not perfect a timely appeal.
 
 
 3
 In 1989, nearly six years after the initial determination denying his fourth application, Mr. Runyon filed a fifth application and requested an evidentiary hearing before an ALJ. The ALJ dismissed this request on administrative res judicata grounds, see 20 C.F.R. § 404.957(c)(1), and on the ground that no good cause had been shown for reopening the prior claim. See 20 C.F.R. §§ 404.988, 404.989. The Appeals Council declined to reconsider the dismissal, and the present lawsuit followed. From the order of the district court granting the Secretary's motion to dismiss for lack of subject matter jurisdiction, Mr. Runyon has appealed to this court.
 
 II
 
 4
 Judicial review of unfavorable administrative decisions on claims asserted under Title II of the Social Security Act is provided in § 205(g) of the Act, 42 U.S.C. § 405(g). That section provides, in pertinent part, as follows:
 
 
 5
 "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." (Emphasis added.)
 
 
 6
 Where the claimant has raised no colorable constitutional claim--and Mr. Runyon admits that he has raised none here--the remedy conferred by § 205(g) is the exclusive means of obtaining judicial review. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Mathews v. Eldridge, 424 U.S. 319, 327 (1976); Weinberger v. Salfi, 422 U.S. 749, 756-57 (1975). See Califano v. Sanders, 430 U.S. 99, 109 (1977) (commenting on the relationship between a colorable constitutional claim and § 205(g) jurisdiction); see also Blacha v. Secretary of HHS, 927 F.2d 228, 231 (6th Cir.1990) (a court may not review a refusal to reopen an earlier application for benefits unless there is a constitutional challenge); Ingram v. Secretary of HHS, 830 F.2d 67, 67 (6th Cir.1987) (the use of constitutional language to dress up a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge).
 
 
 7
 In the case at bar Mr. Runyon requested an evidentiary hearing before an ALJ on the merits of his final application, and the request was--quite properly, in our view--denied. Denial of a hearing request is not a "final decision of the Secretary made after a hearing" within the meaning of § 205(g) of the Act. Califano v. Sanders, 430 U.S. 99, 108 (1977); Bagby v. Harris, 650 F.2d 836, 838 (6th Cir.), cert. denied, 454 U.S. 1087 (1981); Maddox v. Richardson, 464 F.2d 617, 618-19 (6th Cir.1972). Accordingly, Mr. Runyon's lawsuit does not come within the grant of jurisdiction contained in § 205(g).
 
 
 8
 Because we conclude that there is no jurisdictional basis for court review of the Secretary's dismissal of Mr. Runyon's latest application, we AFFIRM the district court's dismissal order.