**Vernon E. COTTRELL,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary, Department of Health and Human Services, Defendant–Appellee.**

**No. 92–5401.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1992.

Decided Nov. 23, 1992.*

---

* This decision was originally issued as an "unpublished decision" filed on November 23, 1992. On February 11, 1993, the court designated the opinion as one recommended for full-text publication.

Robert E. Francis (argued and briefed), Francis Law Office, Cadiz, KY, for plaintiff-appellant.

Joseph M. Whittle, U.S. Atty., W. Brady Miller, Asst. U.S. Atty., Louisville, KY, and Etzion Brand (argued and briefed), U.S. Dept. of Health & Human Services, Office of the General Counsel, Baltimore, MD, for defendant-appellee.

Before: KEITH and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.

PER CURIAM.

This is a social security disability case. Alleging an onset of disability as of July 13, 1986, the plaintiff filed benefit applications that were denied, following an evidentiary hearing before an administrative law judge, in a final administrative decision issued on March 17, 1988.

In November of 1988 the plaintiff reapplied for benefits, alleging similar impairments and the same onset date that had been alleged earlier. This time another administrative law judge found that the plaintiff was disabled, but decided that the disability had not commenced until March 18, 1988.

According to the complaint he subsequently filed in the district court, the plaintiff "requested the Appeals Council to review the decision of the Administrative Law Judge regarding the Plaintiff's onset date of disability." The plaintiff did not place a copy of this request before the district court.

The Appeals Council understood the plaintiff to be requesting a reopening of

the first ALJ's decision of March 17, 1988. On February 22, 1991, after reviewing materials submitted by the plaintiff in support of his request, the Appeals Council declined to reopen the decision.

In his complaint, which was filed in the district court within the 60 days prescribed by 42 U.S.C. § 405(g), the plaintiff sought judicial review of the Secretary's final decision with respect to the reapplication for benefits. The fixing of the disability onset date at March 18, 1988, was challenged as not being in accordance with the law, as not being supported by substantial evidence, and as constituting "a deprivation of the Plaintiff's constitutional right of due process."

Without filing an answer to the complaint—and thus without filing the "certified copy of the transcript of the record" that would have had to be incorporated in an answer pursuant to 42 U.S.C. § 405(g)—the Secretary moved for dismissal. The motion, which was supported by an affidavit to which the pertinent administrative decisions were attached as exhibits, was grounded in the proposition that where a request to reopen a denial of disability benefits has been denied without a hearing, neither 42 U.S.C. § 405(g) nor the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, gives the federal courts jurisdiction to review the refusal to reopen. See *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), which so holds.

In a brief opposing the motion to dismiss the plaintiff referred to 430 U.S. page 109, 97 S.Ct. page 986 of *Califano*, where the Supreme Court noted that the case before it was "not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." While asserting that a colorable constitutional challenge had been made in the instant case, the plaintiff said that he "[could] not get into the merits of the constitutional issue" because "the Defendant has not furnished the transcript of the evidentiary and hearing record to the Plain-

tiff." The plaintiff's brief concluded with a request that the Secretary be ordered to furnish a complete copy of the transcript.

A magistrate judge recommended that the plaintiff's request for a transcript be denied and that the Secretary's motion to dismiss be granted. These recommendations were accepted by the district court, over objection by the plaintiff, and this appeal followed.

\*　　\*　　\*　　\*　　\*　　\*

As indicated above, the Appeals Council's decision of February 22, 1991—the decision review of which is being sought here—purports to be a decision on a request by the plaintiff "for reopening of the [March 17, 1988] decision." The plaintiff, on the other hand, has alleged that what he requested of the Appeals Council was a review of the later decision in which the onset of disability·was determined to have occurred on March 18, 1988. At oral argument counsel for the plaintiff said that he had actually requested both a reopening of the earlier decision and a review of the later one..

■ Insofar as the request for review of the later decision is concerned, we have no hesitancy in saying that the claim of disability prior to March 17, 1988, is barred by the doctrine of *res judicata*. The decision rendered by the first ALJ on that date became the final decision by the agency on September 18, 1988, when the Appeals Council denied a request for review. The decision was subsequently upheld by the United States District Court for the Western District of Kentucky, and the decision of the district court was affirmed by this court on appeal. *Cottrell v. Secretary of HHS*, No. 89–6232 (1990 WL 70913, 1990 U.S.App. LEXIS 8751), decided without published opinion, 904 F.2d 36 (6th Cir. 1990). The issue of disability prior to March 17, 1988, was finally decided in that litigation, and the parties are precluded from relitigating it here. *Nevada v. United States*, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).

*Res judicata* would not prevent the plaintiff from asking the Appeals Council to reopen the decision of March 17, 1988. Absent any colorable constitutional claim, however, and no evidentiary hearing having been conducted on a request to reopen, a federal court has no jurisdiction to review the Appeals Council's decision not to reopen. *Califano,* 430 U.S. at 107–08, 97 S.Ct. at 985–86; *Harper v. Secretary of HHS,* 978 F.2d 260 (6th Cir.1992); *Runyon v. Secretary of HHS,* No. 91–6487 (1992 WL 276725, 1992 U.S.App. LEXIS 25946), decided without published opinion, 977 F.2d 583 (6th Cir.1992).

Although the district court would have had jurisdiction to decide a colorable claim that the plaintiff was deprived of property without due process of law in violation of the Fifth Amendment of the United States Constitution, the plaintiff's constitutional claim was simply not colorable. Assuming *arguendo* that the claim of entitlement to benefits for the period prior to March 17, 1988, constituted a "property" interest—a question not yet settled by the Supreme Court—the plaintiff has given us no reason at all to suspect that the procedure through which his claim was denied failed to meet constitutional norms.

The suggestion that the plaintiff might have been able to demonstrate a violation of his constitutional rights if the Secretary had provided him a transcript is not persuasive. The plaintiff knew perfectly well what evidence had been submitted to the agency, and there is no constitutional requirement that the Appeals Council have a complete transcript before deciding whether to grant an application to reopen. See *Blacha v. Secretary of HHS,* 927 F.2d 228, 231–32 (6th Cir.1990). Even if there were no Appeals Council at all, as we said in *Blacha,* the procedure followed by the agency would be constitutional.

The order entered by the district court on January 8, 1992, is AFFIRMED.