27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. YORK (No. 93-5475), Elizabeth A. Thomas (No.
93-5480), Gwynneth F. Bird (No. 93-5490),
Plaintiffs-Appellants,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 Nos. 93-5475, 93-5480 and 93-5490.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1994.
 
 Before: JONES, RYAN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, in each of these cases, seeks a determination of eligibility for social security disability benefits and appeals the district court's order dismissing his or her case for lack of jurisdiction. Each of the plaintiffs filed a second application for benefits after an unfavorable determination in an earlier proceeding. The ALJ concluded in each case that the earlier determination precluded a decision on the new claim and denied the plaintiff's request for a hearing. The appeals council affirmed. The plaintiffs were not afforded a hearing on their new or renewed claims.
 
 
 2
 The issue in each case is the same: whether the district court erred in dismissing the action for want of jurisdiction. We conclude it did not.
 
 
 3
 The Secretary's decisions are not reviewable for the reasons we announced in Cottrell v. Sullivan, 987 F.2d 342 (6th Cir.1992) (per curiam). What was said there, is binding here: a federal district court has no jurisdiction to review the Secretary's dismissal of a hearing request or her decision not to reopen an earlier claim on res judicata grounds, unless a colorable constitutional violation has been alleged. Id. at 344-45. Since none was alleged in these cases, the judgment of the district court in each of the cases is AFFIRMED.