43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael COLLINS, Plaintiff-Appellant
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee
 No. 93-4203.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1994.
 
 Before MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 On March 20, 1990, Michael Collins, the plaintiff, filed an application for social security disability benefits. Collins received an initial notice denying benefits, but did not seek administrative or judicial review. Over one year later, Collins filed a second application for benefits, which was denied initially and on reconsideration. On the basis of res judicata, the administrative law judge (ALJ) refused Collin's request for a hearing. The ALJ's decision became the final decision of the Secretary.
 
 
 2
 On appeal, Collins contends that the district court erred in dismissing Collins's complaint on jurisdictional grounds. We affirm.
 
 
 3
 Absent a colorable constitutional claim, federal courts lack jurisdiction to review the Secretary's decision not to reopen a prior decision concerning disability benefits. Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Cottrell v. Sullivan, 987 F.2d 342, 345 (6th Cir.1992). Collins argues that the initial denial notice did not adequately specify the consequences of failing to appeal and therefore violated the Due Process Clause of the Constitution. In light of this court's decision in Day v. Shalala, 23 F.3d 1052 (6th Cir.1994), we have no difficulty concluding that the notice comported with due process.
 
 
 4
 Collins claims that the following language in the denial notice he received was misleading:
 
 
 5
 You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. You might lose benefits if you file a new application instead of filing an appeal. Therefore, if you think this decision is wrong, you should ask for an appeal within 60 days.
 
 
 6
 In Day, we held that the Title II initial denial notices received by the plaintiffs satisfied due process concerns. The language in those notices read,
 
 
 7
 If you do not request a hearing of your case within the prescribed time period, you still have the right to file another application at any time. A new application is not the same as an appeal of this determination.
 
 
 8
 See Day, 23 F.3d at 1065.
 
 
 9
 Because we conclude that the district court lacked jurisdiction, we do not reach Collins's contention that a constitutional challenge under these circumstances may be raised for the first time on appeal.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 11
 COHN, J., concurs in the result.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation