64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy D. PAGE, Plaintiff-Appellant.
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6662.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Billy D. Page appeals a district court order affirming the Secretary's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Page filed applications for social security insurance benefits and for supplemental security income benefits alleging that he suffered from nervousness, depression, pain, and high blood pressure. Following a hearing, an Administrative Law Judge (ALJ) determined that Page was not disabled because he had the residual functional capacity to perform his past relevant work. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Page then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Page's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 5
 Page contends that the Secretary erred in concluding that he could perform his past relevant work. However, numerous doctors have released Page to return to work. Therefore, the record establishes that Page can perform his past relevant work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Page feels that the Secretary erred by disregarding his subjective complaints of pain and by not properly evaluating the opinions of his treating physicians. The ALJ properly rejected Page's subjective complaints of disabling pain, see Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam), and Page did not present objective evidence that he was suffering from a condition that would cause disabling pain. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). Further, there are numerous opinions from treating physicians that Page was not disabled.
 
 
 6
 Page asserts that his prior applications for benefits should be reopened. However, Page has simply failed to present a colorable constitutional claim which would allow a reopening of the prior applications. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Cottrell v. Sullivan, 987 F.2d 342, 345 (6th Cir. 1992) (per curiam). Finally, we conclude that Page's remaining arguments are meritless.
 
 
 7
 Accordingly, we affirm the district court's order.