89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brinder A. GUY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-6314.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 Before: KENNEDY, JONES, and CONTIE, Circuit Judges.
 
 ORDER
 
 1
 Brinder A. Guy, a pro se Kentucky resident, appeals a district court judgment affirming the Commissioner's decision not to reopen her November 26, 1984, application for benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 26, 1984, Guy applied for social security disability insurance benefits. The application was denied by an administrative law judge (ALJ) and no further appeal was taken. On May 10, 1989, Guy again applied for benefits. This application was denied initially and upon reconsideration. No further appeal was pursued. Guy then filed a third application for benefits on April 14, 1992. After a hearing, an ALJ found Guy disabled. The ALJ concluded that new evidence was sufficient to warrant reopening of the 1989 application, but the ALJ refused to reopen the 1984 application. The Appeals Council denied review.
 
 
 3
 Guy filed a civil action in the district court. Guy's complaint was construed as contesting the Commissioner's refusal to reopen her 1984 application. Upon de novo review of a magistrate judge's report, the district court concluded that it lacked jurisdiction to review the Commissioner's decision. In her timely appeal, Guy's brief is construed as still challenging the Commissioner's refusal to reopen her 1984 application.
 
 
 4
 Upon review, we conclude that we are without jurisdiction to review the Commissioner's decision not to reopen Guy's 1984 application. Absent a colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen an application for benefits. Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Cottrell v. Sullivan, 987 F.2d 342, 345 (6th Cir.1992) (per curiam). As Guy has not raised a constitutional claim, we are without jurisdiction to review the Commissioner's decision.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.