**Marvin WHITE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–2024.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.[*]

Marvin White appeals from a district court order dismissing his action seeking judicial review of the Commissioner of Social Security's decision to deny him child's benefits. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2000, White filed his complaint, asserting that the defendant had improperly denied his application seeking child's benefits for a disabled adult. Over

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

White's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint as untimely and for lack of subject matter jurisdiction. White has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed White's complaint as barred by the applicable statute of limitations. This court reviews de novo a district court judgment dismissing a suit as barred by a statute of limitations. *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir.1997).

■ White did not file his complaint within the applicable statutory period. Since 1982, White has been receiving benefits as the beneficiary of his natural father, John Bullock. In 1994, White filed an application with the defendant to receive benefits on the earning records of his stepfather, Collie White. After giving the application an elaborate review, the defendant finally concluded, in March 1998, that the plaintiff was properly the beneficiary of John Bullock, and not Collie White. The plaintiff did not pursue judicial review of this decision at that time. Rather, he filed another application with the defendant, again seeking to be declared the beneficiary of Collie White. The defendant denied his request for a hearing and dismissed the application as barred by the doctrine of res judicata. The plaintiff then sought judicial review of the defendant's decision.

To the extent that the plaintiff seeks review of the Commissioner's March 1998 decision, his complaint is untimely. In order to obtain review of a final decision of the Commissioner of Social Security, the applicant must file an action in district court within sixty days after the decision denying benefits is mailed to him. 42 U.S.C. § 405(g); *Biron v. Harris*, 668 F.2d 259, 260–61 (6th Cir.1982). The plaintiff did not file his current action until May 10, 2000, nearly two years after the Commissioner rendered his decision that the plaintiff was the beneficiary of John Bullock. Therefore, his action is barred by the statute of limitations.

■ To the extent that the plaintiff is seeking review of the defendant's dismissal of his second application, his claim is still unreviewable. The district court cannot review the Commissioner's dismissal of a hearing request or a refusal to reopen an application for benefits absent a colorable constitutional challenge. *See Cottrell v. Sullivan*, 987 F.2d 342, 344–45 (6th Cir. 1992); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The plaintiff has not presented any constitutional challenge to the defendant's dismissal of his second application or the denial of his request for a hearing; consequently, this court cannot review the Commissioner's decision.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.