Madra GLAZER, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 03–3454.

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before COLE and GILMAN, Circuit
Judges; and SCHWARZER, District
Judge.*

*ORDER*

Madra Glazer, an Ohio resident who is
represented by counsel, appeals a district
court judgment dismissing her request to

---

* The Honorable William W. Schwarzer, United
States District Judge for the Northern District
of California, sitting by designation.

reopen a prior 1989 claim for social security disability insurance benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Glazer filed her original application for social security disability insurance benefits in September 1989. The application was denied and no appeal was taken. She then filed a second application for benefits in June 1998. On December 3, 1998, Glazer was notified that as of October 1, 1989, she met the medical requirements for disability benefits. However, she was also advised that no decision had yet been made as to whether she met the nonmedical requirements for benefits.

On February 4, 1999, nearly ten years after her original application for benefits was denied, Glazer filed a request for reconsideration, asking that her application be reopened. On June 4, 1999, in what was titled a notice for reconsideration, Glazer was advised that she was entitled to benefits beginning June 1, 1989. However, the notice also advised Glazer that no decision was made regarding whether she met the nonmedical requirements for benefits.

On December 4, 1999, Glazer was notified that she was entitled to benefits as of June 1997. The notice advised Glazer that benefits could not be paid earlier than twelve months before the month of filing. Since Glazer filed for benefits on June 2, 1998, her monthly benefits would begin as of June 1997. On December 10, 1999, Glazer sought a hearing before an administrative law judge (ALJ) requesting that her original application from September 1989 be reopened.

On January 28, 2000, an ALJ dismissed Glazer's request for an appeal. In the dismissal order, the ALJ explained that Glazer had filed a prior application for benefits on September 1, 1989, which was denied on February 6, 1990. No appeal from this application was taken. The ALJ then stated that Glazer filed a subsequent application for benefits more than eight years later on June 2, 1998, which was granted based on an onset date of October 1, 1989. However, the ALJ explained that due to the retroactivity limitation upon Glazer's subsequent application for benefits, the first month of Glazer's entitlement for benefits was June 19, 1997. 20 C.F.R. § 404.621(a).

Based upon the October 1, 1989, onset date finding by the Commissioner during the pendency of her subsequent disability application, Glazer contended that her original application for benefits should be reopened with entitlement extending back to October 1989. Glazer argued that there was a clerical error on the face of the evidence, as defined by 20 C.F.R. § 404.988(c), which would support the reopening of her original application.

The ALJ denied Glazer's request for a rehearing and found that a current review of the medical evidence did not establish that the prior determination represented a clerical error on the face of the evidence. The ALJ explained that a current determination of the medical evidence represented a change in the legal interpretation or administrative ruling on which the determination was made. The situation was not sufficient under the "good cause" regulations to reopen the prior application within four years of the date of the current disability application. 20 C.F.R. §§ 404.988(b), 416.989(b). Further, the ALJ found that the denial of a request to reopen a prior determination was not an initial determination that was subject to the administrative review process or to judicial review under 20 C.F.R. §§ 404.900(a)(1), 404.903(1).

Glazer sought further review of the ALJ's dismissal. The Appeals Council denied the request for review.

Glazer then sought judicial review of the Commissioner's decision. The parties consented to have the case heard before a magistrate judge. The magistrate judge subsequently dismissed the case for lack of subject matter jurisdiction.

On appeal, Glazer argues that the district court erred by failing to rule that her due process rights were violated because she lacked the mental ability to file an appeal regarding her original application; that the district court erred by concluding that she had not presented a colorable constitutional claim; and that the district court erred in not concluding that her original application had in fact been reopened by the Commissioner.

The district court's decision that it lacked subject matter jurisdiction is reviewed de novo. *Joelson v. United States,* 86 F.3d 1413, 1416 (6th Cir.1996).

In *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court considered whether, under 42 U.S.C. § 405(g), a claimant could appeal an ALJ's decision to deny a reopening of an application for social security benefits. The Court held that the statute could not be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits. *Id.* at 107–08, 97 S.Ct. 980. The Court explained that the statute restricts judicial review to a final decision of the Commissioner made after a hearing. A petition to reopen a prior final decision may be denied by the Commissioner without a hearing. *Id.* at 108–09, 97 S.Ct. 980. The Court then held that it did not have subject matter jurisdiction over the claimant's case.

The Supreme Court recognized in *Sanders* that otherwise unappealable orders may be challenged on constitutional grounds. This court has interpreted *Sanders* as requiring a reviewing court to determine whether a claimant has established a colorable constitutional claim. *See Cottrell v. Sullivan,* 987 F.2d 342, 345 (6th Cir.1992). Absent any colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen. *Id.* Further, the use of constitutional language to "dress up" a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge. *Ingram v. Sec'y of Health & Human Servs.,* 830 F.2d 67, 67–68 (6th Cir.1987).

 In her attempt to obtain judicial review, Glazer contends that her due process rights were violated because she lacked the mental capacity to file an appeal from the initial denial of her prior application for benefits. Although Glazer contends that her mental condition prevented her from filing an appeal, she does not argue that the Commissioner prevented her from doing so. To the contrary, the ALJ could have reopened Glazer's prior application if Glazer had sought reopening within four years after the administration's initial decision. 20 C.F.R. § 404.988(b). However, Glazer waited nearly ten years before seeking a rehearing. Thus, her request was outside the time period allowed by the regulations. Further, Glazer has not established good cause to excuse her ten year delay. She does not provide any reason why she or someone on her behalf could not have filed the rehearing. *See* 20 C.F.R. § 404.911(b)(1). As the Commissioner did not prevent Glazer from filing a rehearing on her original application and Glazer has failed to provide evidence to establish good cause for her delay, the Commissioner did not violate Glazer's due process rights. Because Glazer has not established a colorable constitutional violation, the court lacks jurisdiction to review the Commissioner's decision. *Cottrell,* 987 F.2d at 345.

Glazer also asserts that the lack of an administrative record of her prior application has denied her due process. According to the parties, social security files are destroyed after five years. Glazer concedes that this court has held that the Commissioner's inability to produce prior applications does not constitute a due process violation. *Gosnell v. Sec'y of Health & Human Servs.*, 703 F.2d 216, 218 (6th Cir.1983). The court further noted:

> We do not believe that the due process clause requires the Secretary to retain records perpetually in order to enable claimants to reopen their cases at any time. Such a rule would amount to saddling the Secretary with the burden of rebutting 20 C.F.R. 404.988(c)(8) and would be manifestly inconsistent with a statutory scheme that requires the claimant to prove all elements of entitlement to disability insurance benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Ragan v. Finch*, 435 F.2d 239, 241 (6th Cir.1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971). Although he received a copy of the decision made by the Secretary on each application, Gosnell has not presented any pertinent evidence regarding these prior claims. The Constitution does not exempt citizens from the responsibility of maintaining their own records. The burden of showing "error ... on the face of the evidence," 20 C.F.R. 404.988(c)(8) must reside with the claimant.

*Id.* at 218–19.

As the court noted in *Gosnell*, Glazer has a responsibility for maintaining her own records. Although she is attempting to blame the Commissioner for the lack of a record in her attempt to reopen her claim under 20 C.F.R. § 404.988(c)(8), it is Glazer's responsibility to show the error. *Id.* at 219. Thus, Glazer's attempt to blame the Commissioner for the lack of a record is meritless.

■ Finally, Glazer asserts that the Commissioner constructively reopened the 1989 application by issuing its 1998 decision. However, as the court noted in *King v. Chater*, 90 F.3d 323, 325 (8th Cir.1996), an ALJ lacks authority to reopen a prior determination after more than four years. The concept of constructive reopening cannot extend beyond the scope of authority granted under the regulations. *Id.* Because more than four years had passed since the denial of the original application, the Commissioner could not have constructively reopened Glazer's case.

Accordingly, we affirm the district court's judgment.